```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
```

ROBERT GUTHRIE,

                *Plaintiff*,

- against -

RAINBOW FENCING INC., AND LAWSON BURGE,

                *Defendants*.

**MEMORANDUM & ORDER**
21-CV-5929 (KAM)(RML)

```
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

        On October 25, 2021, Plaintiff Robert Guthrie ("Plaintiff" or "Mr. Guthrie") commenced this wage and hours action against Defendants Rainbow Fencing, Inc. and Lawson Burge ("Defendants") asserting claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, et seq., and the New York Labor Law ("NYLL"). (ECF No. 1, Compl.) Both Defendants were properly served with the summons and complaint. (ECF No. 5-6, Summons Executed.) After Defendants failed to answer or otherwise move with respect to the complaint, Plaintiff moved for entry of default pursuant to Federal Rule of Civil Procedure 55(a) as to both defendants on January 28, 2022. (ECF No. 7, Request for Certificate of Default.) On February 2, 2022, the Clerk of the Court noted the defaults of both defendants. (ECF No. 8.) On April 21, 2022, Plaintiff moved for default judgment. (ECF No. 10, Pl. Mot.) On September 30, 2022, the

1

Court referred Plaintiff's motion to Magistrate Judge Levy for a report and recommendation.

Before the Court are: (1) Magistrate Judge Levy's Report and Recommendation (the "R&R"), dated December 13, 2022, which recommends that Mr. Guthrie's motion for default judgment be granted except as to his claim for statutory damages under NYLL §§ 195 and 198; and (2) Mr. Guthrie's objections to the R&R. (ECF No. 14, Pl. Obj.)  For the reasons stated below, the Court adopts Magistrate Judge Levy's R&R, with the addition that Plaintiff's NYLL wage notice and wage statement claims are dismissed without prejudice, for lack of subject matter jurisdiction because Plaintiff lacks Article III standing.

## BACKGROUND AND FACTS

The Court assumes the parties' familiarity with the extensive facts thoroughly recounted in the R&R.  (*See generally* ECF No. 12, R&R.)  For present purposes, the Court reiterates only the procedural background and facts relevant to the Plaintiff's objections, as set forth in the R&R and Plaintiff's complaint.

By order dated September 30, 2022, and after Defendants were properly served with the entry of default and notice by Plaintiff, the Court referred Plaintiff's motion for default judgment to Magistrate Judge Levy for a report and recommendation.  Plaintiff seeks a default judgment ordering

2

Defendants to (1) pay him overtime wages under the New York Labor Law ("NYLL") and federal Fair Labor Standards Act ("FLSA"); (2) pay him unpaid minimum wages under NYLL; and 3) pay him statutory damages for notice and wage statement violations under NYLL §§ 195 and 198. (ECF Nos. 1, Compl. ¶¶ 1-3, 19-22; 10-1, Pl. Mot.)

On December 13, 2022, Magistrate Judge Levy issued his report and recommendations (ECF No. 12, R&R) to this Court. On that day, Plaintiff served the Defendants with the R&R and noted service on the docket. (ECF No. 13.) For the reasons set forth in the R&R, he recommends that Plaintiff's motion be granted and that a default judgment be entered against both Defendants Rainbow Fencing, Inc. and Lawson Burge, jointly and severally. Regarding damages, the magistrate judge recommended that Plaintiff be awarded a total of $91,243 as follows: $3,200 in unpaid minimum wages, $42,421.50 in unpaid overtime wages, and $45,621.50 in liquidated damages. (*Id.* at 15.)

Magistrate Judge Levy found that the Plaintiff had not alleged that he suffered any actual and concrete injury due to Defendants' failure to provide wage notices or wage statements. (*Id.* at pp. 12-14.) As such, he found that Plaintiff's allegation of technical violations of New York's wage notice and wage statement requirements were insufficient on their own to confer Article III standing as to those claims and that

3

Plaintiff was not entitled to statutory damages. (*Id*.) On December 27, 2022, Plaintiff filed timely objections to the specific part of the R&R, that denied Plaintiff's request for statutory damages for wage notice and wage statement claims under NYLL. (*See generally* ECF No. 14, Pl. Obj.)

Plaintiff seeks $10,000 total in statutory damages for Defendants' failure to provide wage notices or wage statements as required by NYLL §§ 195 and 198. (ECF No. 10-1, Pl. Mot. at pp. 12-13.) With respect to Plaintiff's wage notice and wage statement claims, the Complaint alleged, in relevant part, the following facts:

> 21. At all times relevant herein, neither Defendant provided Plaintiff with the notice(s) required by NYLL 195(1).
>
> 22. At all times relevant herein, neither Defendant provided Plaintiff with the statement(s) required by NYLL 195(3).

(ECF No. 1, Compl. ¶¶ 21-22.)

The Plaintiff's declaration in support of his motion for default judgment provided the following facts with respect to his wage notice and wage statement claims:

> 22. During my employment with Defendants, I was not provided with any type of pay stub or wage statement.
>
> 23. During my employment with Defendants, Defendants never provided me with a wage notice setting forth my hourly rate, overtime rate, etc.

(ECF No. 11, Guthrie Decl. ¶¶ 22-23.)

4

## **LEGAL STANDARD**

When a party objects to an R&R, the Court must review *de novo* those recommendations in the R&R to which the party objects. See Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). Where a party does not object to a portion of the R&R, the Court "'need only satisfy itself that there is no clear error on the face of the record.'" *Galvez v. Aspen Corp.*, 967 F. Supp. 2d 615, 617 (E.D.N.Y. 2013) (quoting *Reyes v. Mantello*, No. 00-cv-8936, 2003 WL 76997, at *1 (S.D.N.Y. Jan. 9, 2003)). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the Magistrate Judge with instructions." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

Objections "must be specific and clearly aimed at particular findings in the magistrate judge's proposal." *Green v. Dep't of Educ. of City of N.Y.*, No. 18-CV-10817, 2020 WL 5814187, at *2 (S.D.N.Y. Sept. 30, 2020) (quoting *McDonaugh v. Astrue*, 672 F. Supp. 2d 542, 547 (S.D.N.Y. 2009)); *Barratt v. Joie*, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002) ("Parties filing objections to recommendations are required to 'pinpoint specific portions of the report and recommendations to which [they] objec[t]. . . .'" (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F.

5

Supp. 380, 382 (W.D.N.Y. 1992))). If "the [objecting] party makes only frivolous, conclusory or general objections, or simply reiterates [his] original arguments, the Court reviews the report and recommendation only for clear error." *Velez v. DNF Assocs.*, LLC, No. 19-CV-11138, 2020 WL 6946513, at *2 (S.D.N.Y. Nov. 25, 2020) (quoting *Chen v. New Trend Apparel, Inc.*, 8 F. Supp. 3d 406, 416 (S.D.N.Y. 2014)); *see also Colliton v. Donnelly*, No. 07-CV-1922, 2009 WL 2850497, at *1 (S.D.N.Y. Aug. 28, 2009), aff'd, 399 F. App'x 619 (2d Cir. 2010).

"[E]ven in a *de novo* review of a party's specific objections," however, "the court will not consider 'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance.'" *Brown v. Smith*, No. 09-CV-4522, 2012 WL 511581, at *1 (E.D.N.Y. Feb. 15, 2012) (quoting *Kennedy v. Adamo*, No. 02-CV-1776, 2006 WL 3704784, at *1 (E.D.N.Y. Sept. 1, 2006)) (alterations omitted).

## **DISCUSSION**

Magistrate Judge Levy recommended denying damages for Plaintiff's wage notice and wage statement claims for lack of Article III standing, quoting the 2021 Supreme Court case, *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190 (2021), which held "that a technical violation triggering a statutory damage award only confers Article III standing if the plaintiff demonstrates

6

an actual and concrete injury resulting from that violation." (ECF No. 12, R&R at pp. 13-14.) Magistrate Judge Levy provided that "courts in this Circuit have 'found allegations of technical violations of New York Labor Law's wage notice and statement requirements to be insufficient, on their own, to confer Article III standing.'" (*Id.*) (quoting *Beh v. Cmty. Care Companions Inc.*, No. 19 CV 1417, 2022 WL 5039391, at *7 (W.D.N.Y. Sept. 29, 2022).

Plaintiff objects only to the R&R's denial of damages for his wage notice and wage statement claims for lack of Article III and requests that this Court modify the Magistrate Judge's recommendations to grant Plaintiff judgment in the maximum sum of $10,000 for the wage notice and wage statement claims. (ECF No. 14, Pl. Obj. at pp. 11-12.) Plaintiff primarily argues that 1) the Court has supplemental jurisdiction, despite any failure to establish lack of Article III standing; and 2) in any case, injury and Article III standing have been established for Plaintiff's wage notice and wage statement claims. (ECF No. 14, Pl. Obj.)

I.  **Plaintiff's Supplemental Jurisdiction Argument**

The Court first addresses Plaintiff's argument that this Court has supplemental jurisdiction over the New York wage notice and wage statement claims. Plaintiff asserts "[w]here a claim does not independently satisfy the requirements of Article

7

III, it will be deemed to satisfy the requirements of Article III and part of the same case and controversy as another claim that independently satisfies the requires of Article III." (ECF No. 14, Pl. Obj. at p. 3.) Plaintiff's counsel specifically asserts that "Plaintiff need not show Article III injury as to his wage notice and wage statement claims because these claims are considered part of the same case as the federal overtime claims over which the Court undisputedly has federal subject matter jurisdiction." (*Id.* at 8.) Plaintiff also asserts that a dismissal for lack of standing must be without prejudice. (Id. at p. 2.)

The Court finds this portion of Plaintiff's arguments unavailing, because a Plaintiff must establish Article III standing for *all* of his claims, whether or not the Court also has supplemental jurisdiction. Plaintiff's counsel is correct that federal courts may hear state claims if they "derive from a common nucleus of operative fact." See *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also Shukla v. Sharma*, 586 Fed. Appx. 752, 753 (2d Cir. 2014) (explaining 28 U.S.C. § 1367(a) supplemental jurisdiction can be conferred when the state and federal claims "derive from a common nucleus of operative fact."). The Court, however, cannot discern or speculate which of the "operative facts" establish an injury to Mr. Guthrie on his NYLL wage notice and wage statement claims,

8

simply because Plaintiff's counsel did not do so. *See Citizens for Resp. & Ethics in Washington v. Trump*, 971 F.3d 102, 118 (2d Cir. 2020) ("Whether that [district] court was right or wrong, at least it fulfilled its obligation to identify an injury for all claims and plaintiffs.") As discussed further below, even if Plaintiff satisfied the statutory requirements for this Court to exercise subject matter jurisdiction and supplemental jurisdiction, he has not fulfilled the constitutional requirement of Article III standing for this Court to exercise subject matter jurisdiction over the NYLL wage notice and wage statement claims.

The Supreme Court has construed Article III standing to require that plaintiffs must allege facts showing that they "have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 89 (2d Cir. 2019)(quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, (2016)). An injury in fact, sufficient to confer standing is "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (quotation marks and citations omitted). Most importantly, the Court must reject the Plaintiff's insistence

9

that supplemental jurisdiction serves *in lieu* of Article III standing, because "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester, N.Y. v. Laroe Ests., Inc.*, 581 U.S. 433, 439 (2017).

Specifically, with respect to Article III standing, the Supreme Court stated in *Town of Chester*:

> Our standing decisions make clear that "'standing is not dispensed in gross.'" *Davis v. Federal Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 358, n. 6 (1996); alteration omitted). To the contrary, "a plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Davis*, supra, at 734 (internal quotation marks omitted); *see, e.g., DaimlerChrysler*, supra, at 352 ("[A] plaintiff must demonstrate standing separately for each form of relief sought"); *Friends of the Earth, Inc. v. Laidlaw Environmental Servic*es (TOC), Inc., 528 U.S. 167, 185 (2000) (same); *Los Angeles v. Lyons*, 461 U.S. 95, 105–106, and n. 7 (1983) (a plaintiff who has standing to seek damages must also demonstrate standing to pursue injunctive relief).

581 U.S. at 439.

Accordingly, the Court finds Plaintiff's argument that this Court has subject matter jurisdiction over Plaintiff's wage notice and wage statement claims, without alleging any "concrete and particularized" injuries, is not sufficient to overturn the Magistrate Judge's recommendation that the damages for wage notice and wage statement claims be denied. Further, those claims are dismissed for lack of Article III standing.

**II. Plaintiff's New Arguments that Article III Standing Exists**

10

Plaintiff also proffers new arguments in his objection to the R&R, disputing the Magistrate Judge's analysis of the Supreme Court *Transunion* case. Plaintiff's counsel asserts "failure to pay wages such as overtime wages in this case, is an integral part of the wage notice and wage statement claims and monetary harm in the failure to pay these wages is obviously concrete and sufficient to establish Article III standing," but provides no further basis for this contention. (*Id.* at 9.) Nor does Plaintiff address his failure to support his claim with facts establishing concrete and particularized harm.

Alternatively, Plaintiff's counsel contends that there is an "informational inquiry" that can establish concrete harm for standing purposes. (*Id.* at 9-10.) Plaintiff's objections describe various circumstances in which the lack of wage notices and wage statements can lead to injuries to an employee, such as an employee's ability to seek relief for violations they may not have information about, or an employee's lack of proper documentation to apply for public benefits. (*Id.* at 10-11.)

The Court does not disagree with these possible injuries Plaintiff's counsel posits in his objections, but Plaintiff's counsel did not raise these examples, let alone provide evidence of Mr. Guthrie's personal experience with these examples, prior to his objection to the R&R. Aside from simply

11

stating that Defendants did not provide Plaintiff with a written wage notice or wage statement (ECF No. 10-1, Pl. Mot. at pp. 12-13), Plaintiff did not link any injury-in-fact that he personally experienced to Defendants' failure to provide statutory notices under the NYLL.  Even if the Court were to consider Plaintiff's "'arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance,'" *Brown v. Smith*, 2012 WL 511581, at *1, Plaintiff's counsel still fails to link the general harms an employee *might* experience to any harms that Mr. Guthrie *did*, in fact, experience.  (ECF No. 14, Pl. Obj. at pp. 9-11.)

        To be sure, courts in the Second Circuit have reached different conclusions when weighing the sufficiency of a plaintiff's allegations to show Article III standing to pursue NYLL wage notice and wage statement claims in federal court.  Some cases have found that the denial of the right to information[1] about one's wages tied to an entitlement to one's unpaid wages is sufficient to satisfy Article III.  *See Imbarrato v. Banta Mgmt. Servs., Inc.*, No. 18 Civ. 5422 (NSR),

---

[1] The Court notes again that Plaintiff's counsel asserts for the first time in his objections to the R&R that he "did not 'receive [] required information,' and as such, Plaintiff also has informational standing in this case." (ECF No. 14, Pl. Obj. at pp. 9.)  Plaintiff's counsel then discusses generally what harms *might* result from lacking required information about wages, but not whether Plaintiff himself experienced these harms and how.  (*Id*. at 10-11.)

2020 WL 1330744, at *7-8 (S.D.N.Y. Mar. 20, 2020) (finding that the requirement that employers provide wage notices and statements was meant to protect an employee's concrete interest in being paid what he is owed under the NYLL); *Hicks v. T.L. Cannon Mgmt. Corp.*, No. 13 Civ. 6455 (EAW), 2018 WL 2440732, at *5 (W.D.N.Y. Mar. 13, 2018) (finding that "violation of the procedures created by the relevant provisions of the NYLL . . . are specifically designed to guard against the concrete harm that workers are subject to when they are mis- or uninformed regarding their rights and the responsibilities of their employers").

Other courts have found that plaintiffs have not alleged or cannot allege an adequate concrete injury to satisfy Article III with respect to the New York wage notice and wage statement claims. *See Sevilla v. House of Salads One LLC*, No. 20 Civ. 6072 (PKC) (CLP), 2022 WL 954740, at *7 (E.D.N.Y. Mar. 30, 2022) (holding that "it is not clear that [such] policies led to an 'injury' that can be recognized by a federal court" (citations omitted)); *Wang v. XBB*, Inc., No. 18 Civ. 7341 (PKC)[2]

---

[2] Though Plaintiff's counsel states that Judge Chen "reversed course" (ECF No. 14, Pl. Obj. at p. 7) in *Marine v. Vieja Quisqueya Rest. Corp.*, No. 20CV4671PKCRML, 2022 WL 17820084, (E.D.N.Y. Sept. 23, 2022), by "exercising supplemental jurisdiction" over the wage notice and wage statement claims, the Court notes that the First Amended Complaint in *Marine* alleged concrete and particularized harms the *Marine* plaintiff experienced from the lack of wage notice and wage statements. (*See* Dkt. 20-cv-04671-PKC-RML, ECF No. 21, First Amended Complaint ("Upon information and belief, these [violations of the wage notice and statement statutes] by Defendants were done willfully to disguise the actual number of hours Plaintiff Marine (and similarly situated

13

(ST), 2022 WL 912592, at *13 (E.D.N.Y. Mar. 29, 2022) ("Plaintiff has not linked any injury-in-fact to [the d]efendants' failure to provide statutory notices under the NYLL, so she lacks standing to recover on that claim." (citation omitted)); *Francisco v. NY Tex Care, Inc.*, No. 19 Civ. 1649 (PKC) (ST), 2022 WL 900603, at *7 (E.D.N.Y. Mar. 28, 2022) ("While those may be technical violations of the NYLL, neither [p]laintiff nor the record demonstrate how those technical violations led to either a tangible injury or something akin to a traditional cause of action[.]"); *Perez v. Postgraduate Ctr. for Mental Health*, No. 19 Civ. 931 (EK) (PK), 2021 WL 3667054, at *7 (E.D.N.Y. Aug. 18, 2021) (finding that the plaintiff lacked Article III standing for a claim alleging that the content of his wage notices violated the NYLL because of an inaccuracy because "not all inaccuracies cause harm or present any material risk of harm" (quoting *Spokeo*, 136 S. Ct. at 1550)).

The Court finds the reasoning of these cases applicable and persuasive, given that Plaintiff has not provided any factual allegations relative to his standing or actual injuries suffered as a result of the alleged NYLL wage notice

---

individuals) worked, and to avoid paying Plaintiff Marine properly for his full hours worked.")  The Court also notes that in the *Marine* case, Magistrate Judge Levy recommended the recommendation that the NYLL wage notice and wage statement violation claims and damages be granted, and Judge Chen adopted—because neither judge found a lack of Article III standing.

14

and wage statement violations. Plaintiff's counsel's objection to the R&R, after he failed to present adequate facts in his complaint or motion for default judgment, suggest that various harms could potentially stem from wage notice inadequacies, but he has not shown concrete harm from said deficiencies, such as the inability to identify his employer to remedy compensation problems, or lack of knowledge about the rates or conditions of his pay. Although Plaintiff now seeks to recover damages related to wage and hour violations, he has still yet to link such alleged harms or deprivations to the claimed violations of NYLL §§ 195 and 198.

Though the deficiencies in Defendants' provisions of hiring notices may amount to violations of the labor law, neither Plaintiff nor the record demonstrates how those technical violations led to either a tangible injury or something akin to a traditional cause of action, as required by the Supreme Court. *See Francisco*, 192022 WL 900603 at *7 (*citing TransUnion*, 141 S. Ct. at 2205). Consequently, Plaintiff's lack of standing to his NYLL wage notice and wage statement claims warrants denial of the recovery of damages for those claims, which are dismissed.

Lastly, the Court does agree with Plaintiff's argument that a dismissal for lack of standing must be without prejudice. (ECF No. 14, Pl. Obj. at p. 2.) The Second Circuit stated in

15

*Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54–55 (2d Cir. 2016):

> [W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice. Such a dismissal is one for lack of subject matter jurisdiction, *see, e.g., Davis v. Federal Election Commission*, 554 U.S. 724, 732-33 (2008); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992); *Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011); and without jurisdiction, the district court lacks the power to adjudicate the merits of the case, *see, e.g., Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998). Accordingly, where there is a lack of Article III standing, "Article III deprives federal courts of the power to dismiss a case with prejudice," *Hernandez v. Conriv Realty Associates*, 182 F.3d 121, 123 (2d Cir. 1999). Thus, if we were to agree with the district court's conclusion that the Complaint failed to show Article III standing, we would nonetheless be constrained to have the [judgment] amended to provide that the dismissal is without prejudice.

The Court modifies the R&R to dismiss Plaintiff's NYLL §§ 195 and 198 statutory claims without prejudice, for lack of subject matter jurisdiction, and otherwise adopts Magistrate Judge Levy's well-reasoned R&R to the extent that he has recommended granting the award of specified categories of damages and denying damages for the NYLL wage notice and wage statement claims.

## CONCLUSION

Based on the foregoing reasons, Plaintiff's objections are overruled, and the R&R is adopted, with the addition that Plaintiff's NYLL wage notice and wage statement claims are dismissed without prejudice, for lack of subject matter

16

jurisdiction because Plaintiff lacks Article III standing. The Court adopts Magistrate Judge Levy's thorough and well-reasoned recommendation that Plaintiff's motion for default judgment be granted and that a default judgment be entered against both Defendants, Rainbow Fencing, Inc. and Lawson Burge, jointly and severally. Regarding damages, the Court adopts the Magistrate Judge's recommendation that Plaintiff be awarded a total of $91,243 in damages as follows: $3,200 in unpaid minimum wages, $42,421.50 in unpaid overtime wages, and $45,621.50 in liquidated damages. The Court also adopts the Magistrate Judge's recommendation to deny Plaintiff's motion for statutory damages on Plaintiff's NYLL wage notice and wage statement claims, which the Court dismisses without prejudice.

The Clerk of Court is respectfully requested to enter judgment as provided by this Memorandum and Order and close this case. The Clerk of Court is also respectfully requested to serve both Defendants with this Memorandum and Order and the judgment and note service on the docket by February 28, 2022.

**SO ORDERED.**

/s/ Kiyo A. Matsumoto
Hon. Kiyo A. Matsumoto
United States District Judge
Eastern District of New York

Dated:   Brooklyn, New York
         February 24, 2023