United States District Court
Eastern District of New York

----------------------------------X

Robert Guthrie,

               Plaintiff,               **Memorandum and Order**

  - against –              No. 21-cv-05929 (KAM)
                                          (RML)

Rainbow Fencing Inc. et al,

               Defendants.

----------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    By motion filed on March 27, 2024 (ECF No. 21), Rainbow Fencing Inc. and Lawson Burge move to vacate the default judgment entered against them jointly and severally by the Clerk of Court on February 27, 2023, in the amount of $91,243.00, (ECF No. 18). Defendants' motion is respectfully denied.

**Background**

    Plaintiff Robert Guthrie filed a Complaint against Rainbow Fencing Inc. ("RFI") and Lawson Burge (collectively, "Defendants") on October 25, 2021, alleging violations of the Fair Labor Standards Act ("FLSA") for unpaid overtime and the New York Labor Law ("NYLL") for unpaid overtime, unpaid minimum wage, and failure to receive wage notices and statements. (ECF No. 1, ¶¶ 1-3.)

    On October 27, 2021, RFI was served via service on the New

York Secretary of State pursuant to New York Business Corporations Law § 306(b)(1). (ECF No. 5, Aff. of Service on RFI.) On November 18, 2021, Mr. Burge was served by substitute service at 1261 East New York Avenue, Brooklyn, NY, 11212, at RFI's business address registered with the Secretary of State, by service to "Jane Doe," a person who the process server identified as a co-worker and person of suitable age and discretion who did not provide her name. (ECF No. 6 ("Burge Aff. of Serv.").) The next day, the process server mailed by first class mail a copy of the Summons and Complaint to Mr. Burge at the same address and filed the affidavit of service confirming the service and mailing. (*Id.*)

On January 14, 2022, after Defendants failed to answer or otherwise respond to the Complaint, Magistrate Judge Robert M. Levy ordered Plaintiff to move for default or explain in writing why he had not done so. (January 14, 2022 Order.) On January 28, 2022, Plaintiff requested entry of default of both Defendants. (ECF No. 7.) On February 2, 2022, the Clerk of Court entered a certificate of default for both Defendants. (ECF No. 8.)

On March 7, 2022, Judge Levy ordered Plaintiff to move for default judgment or explain in writing why he had not done so. (March 7, 2022 Order.) On March 14, 2022, Plaintiff moved for an extension of time to file. (ECF No. 9.) In the same letter, Plaintiff informed the Court of "some outreach from Defendants to Plaintiff concerning the case" that Plaintiff was "hoping [would]

develop...into formal settlement discussions and for Defendants to retain counsel and formally appear in the case." (*Id.*)

Ultimately, however, Plaintiff moved for entry of default judgment on April 21, 2022, and served Defendants with the motion papers.[1] (ECF Nos. 10-11.) On September 30, 2022, this Court referred the motion to Judge Levy. (September 30, 2022 Order.) On December 13, 2022, Judge Levy issued a Report and Recommendation ("R&R") recommending the motion for default judgment be granted against both Defendants, jointly and severally, as to unpaid minimum wages and overtime, and liquidated damages. (ECF No. 12 ("R&R") at 13-14.) He further recommended no statutory damages be awarded for the alleged wage notice and statement claims under NYLL § 195 for failure to allege sufficient harm and therefore lacking standing. (*Id.*) Plaintiff served Defendants with the R&R. (ECF No. 13.)

On December 27, 2022, Plaintiff objected to the R&R's recommendation not to award statutory damages due to lack of standing for the wage and notice claims. (ECF No. 14.) Plaintiff

---

[1] As Judge Levy noted in his Report and Recommendation, "Plaintiff has [] demonstrated that he served the Motion for Default Judgment and accompanying submissions on defendants in compliance with Local Rule 55.2(c)." (ECF No. 12 at 3.) The Court adopted the Report and Recommendation, (ECF No. 17), and again notes that Plaintiff complied with Local Civil Rule 55.2(c)'s mailing requirements in effect at that time: Plaintiff mailed the default judgment motion papers on April 21, 2022, to Mr. Burge at his last known residence and to RFI at its last known business address, and then filed proof of such service. (*See* ECF No. 11; ECF No. 10-3 at 18 (indicating a search confirming Defendants' addresses current as of April 19, 2022).)

served Defendants with the objections. (ECF No. 15.)

On February 24, 2023, this Court overruled Plaintiff's objections, adopted the R&R as to the claims for unpaid minimum wages, overtime, and liquidated damages, and dismissed the wage notice and statement claims without prejudice. (ECF No. 17.) On February 27, 2023, the Clerk of Court entered default judgment against the Defendants, jointly and severally, in the amount of $91,423.00, and entered dismissal without prejudice of the wage notice and statement claims.[2] (ECF No. 18.)

On May 11, 2023, Defendants' counsel, Samantha Virgo, Esq., moved to appear Pro Hac Vice representing RFI and Mr. Burge. (ECF No. 20.) The motion was granted the next day. (May 12, 2023 Order.)

On March 27, 2024, Defendants filed the instant motion to vacate the default judgment pursuant to Federal Rules of Civil Procedure 55(c), 60(b)(1), 60(b)(4), and 60(b)(6). (ECF No. 21 ("Defs. Mot.").) Plaintiff filed an opposition on May 10, 2024. (ECF No. 24 ("Pl. Resp.").)

---

[2] Plaintiff appealed the Order adopting the R&R only as to the dismissal of the wage notice and statement claims. (ECF No. 19, Notice of Appeal (noting that plaintiff appeals "from that part of an Order (ECF No. 17) and judgment (ECF No. 18)...that dismissed Plaintiff's NYLL wage notice and wage statement claims. Plaintiff does not appeal that part of the Court's judgment granting him judgment and money on his other claims for unpaid overtime wages, minimum wages, etc.").) The Second Circuit affirmed the dismissal of Plaintiff's wage notice and statements claims for lack of standing. *Guthrie v. Rainbow Fencing Inc.*, 113 F.4th 300, 303 (2d Cir. 2024) (noting "Guthrie timely appealed the judgment dismissing his claim for statutory damages"). The instant motion to vacate default judgment concerns only the judgment entered against Defendants for $91,423.00.

**Legal Standard**

Federal Rule of Civil Procedure ("Rule") 55(c) states that "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). A party may seek relief from a final judgment or order under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). A party may also seek relief under Rule 60(b)(4) if the judgment is void. Fed. R. Civ. P. 60(b)(4). Finally, a party may seek relief from a judgment under Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6).

"[I]f the underlying judgment is void for lack of jurisdiction, 'it is a *per se* abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4).'" *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 138 (2d Cir. 2011) (citation omitted).

Otherwise, when deciding "a motion to vacate a default judgment under Rule 60(b), the court's determination is guided by three principal factors: '(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice.'" *In re Orion HealthCorp, Inc.*, 95 F.4th 98, 104 (2d Cir. 2024) (quoting *SEC v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998)); *see Enron Oil Corp. v.*

*Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993) (noting same factors).

Finally, "[d]efaults are generally disfavored, so courts resolve doubts in favor of the defaulting party." *Id.* (citing *Enron Oil Corp.*, 10 F.3d at 96). At the same time, a "motion to vacate a default judgment is addressed to the sound discretion of the district court." *McNulty*, 137 F.3d at 738.

## Discussion

Defendants seek relief under Rules 55(c), 60(b)(1), 60(b)(4), and 60(b)(6) on the grounds that "default was taken against them due to their mistake, inadvertence, surprise, or excusable neglect" and that "the judgment is void as [sic] thus Court lacks jurisdiction due to insufficient service of process[.]" (Defs. Mot. at 1.) Defendants further argue that there is good cause to vacate the entry of default entered against them under Rule 55(c). (*See* Defs. Mot. at 3-4.)

The factors for evaluating whether to vacate an entry of default or default judgment are the same, but courts apply the factors "more rigorously after the case has reached a default judgment because the finality interests are stronger[.]" *Templos*, 738 F. Supp. 3d at 329 (citing *Enron Oil Corp.*, 10 F.3d at 96); *see Trustees of Loc. 531 Pension Fund v. Am. Indus. Gases, Inc.*, 708 F. Supp. 2d 272, 275 n.1 (E.D.N.Y. 2010) ("Rule 55(c) explicitly distinguishes between setting aside 'an entry of default,' which can be accomplished by showing 'good cause,' and

setting aside a 'default judgment under Rule 60(b).'"); *Vega v. Trinity Realty Corp.*, No. 14-cv-7417 (RJS), 2021 WL 738693, at *3 (S.D.N.Y. Feb. 24, 2021) (noting that "[w]hile Rule 55(c) permits defendants to seek relief from a default, the rule differentiates between vacating the entry of a default and vacating a final default judgment," as "[t]he former may be set aside merely for 'good cause'" under Rule 55(c), but "setting aside a final default judgment" is more challenging because "[l]ike any other final judgment, a default judgment is subject to modification only if one of the six reasons set forth in Rule 60(b) is met").

Here, judgment has been entered. Therefore, if a motion fails under Rule 60(b), as it does here, it fails under Rule 55(c)'s good cause standard for vacating entry of default. *See State Univ. of New York v. Triple O, LLC*, No. 19-cv-1385 (GLS) (DJS), 2021 WL 3287774, at *1 n. 1 (N.D.N.Y. Aug. 2, 2021) (analyzing only Rule 60(b) for motion pursuant to Rules 55(c), 60(b)(1), and 60(b)(6) to vacate entry of default and default judgment, noting Rule 55(c) standard is "less rigorous" than "'excusable neglect' standard" for vacating default judgment under Rule 60(b), and noting where "motion fails under Rule 60(b), it fails under Rule 55(c)"), *aff'd*, No. 21-2116-CV, 2022 WL 14177198 (2d Cir. Oct. 25, 2022).

Accordingly, the Court addresses each of Defendants' Rule 60(b) arguments in turn.

## I.    Rule 60(b)(1)

A party may seek relief under Rule 60(b)(1) for "mistake, inadvertence, surprise, or excusable neglect."  Fed. R. Civ. P. 60(b)(1). Rule 60(b)(1) motions must be made "no more than a year after the entry of the judgment[.]" Fed. R. Civ. P. 60(c)(1). The one-year limitation "is absolute." *Wang v. Int'l Bus. Machines Corp.*, 839 F. App'x 643, 646 (2d Cir. 2021) (summary order) (quoting *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 466 F.3d 97, 100 (2d Cir. 2006)).

Defendants did not move to vacate the default judgment until March 27, 2024, more than one year after final judgment was entered on February 27, 2023. (ECF No. 18.) Therefore, Defendants' untimely motion to vacate the judgment must be, and is, denied under Rule 60(b)(1). *See Williams v. Miracle Mile Properties 2 LLC*, No. 20-cv-3127 (JS) (ARL), 2024 WL 3878826, at *3 (E.D.N.Y. June 21, 2024) (finding "motion must be denied" under Rule 60(b)(1) where defendants did not move to vacate until "almost 15-months after entry of final judgment"), *report and recommendation adopted*, No. 2:20-cv-03127, 2022 WL 22866394 (E.D.N.Y. July 15, 2024).

## II.    Rule 60(b)(4)

A party may seek relief under Rule 60(b)(4) if the judgment is void. Fed. R. Civ. P. 60(b)(4). "A judgment is void for lack of personal jurisdiction over the defendant where service of process was not properly effected." *Sartor v. Toussaint*, 70 Fed. Appx. 11,

8

13 (2d Cir. 2003); *see Templos*, 738 F. Supp. 3d at 329 (similar).

Defendants argue the judgment is void because Plaintiff did not properly serve them with process. (Defs. Mot. at 9-11.) Plaintiff argues the motion is untimely and service was proper. (Pl. Resp. at 6.)

First, the Rule 60(b)(4) motion is timely. A Rule 60(b)(4) motion must be made within a "reasonable time[.]" Fed. R. Civ. P. 60(c)(1). Defendants moved to vacate 13 months after entry of default judgment. Courts have found Rule 60(b)(4) motions timely where defendants have delayed moving to vacate beyond 13 months. *See Williams*, No. 20-cv-3127 (JS) (ARL), 2024 WL 3878826, at *4 (noting Rule 60(b)(4) motion "may be brought long after other Rule 60(b) motions would be untimely" and finding Rule 60(b)(4) motion timely when filed nearly 15 months after judgment entered). Further, the Second Circuit "has been exceedingly lenient in defining the term 'reasonable time,' with respect to voidness challenges," and "it has been oft-stated that, for all intents and purposes, a motion to vacate a default judgment as void 'may be made at any time'"). *Sec. & Exch. Comm'n v. Romeril*, 15 F.4th 166, 171 n.3 (2d Cir. 2021) (citation and internal quotations omitted). The Rule 60(b)(4) motion is thus timely.

Further, plaintiffs generally bear the burden of showing service was proper. *See "R" Best Produce, Inc. v. DiSapio*, 540 F.3d 115, 126 (2d Cir. 2008). However, when, as here, a defendant

"has actual notice of a lawsuit before a default judgment is entered, but does not challenge jurisdiction until after a default is entered, the burden to prove lack of jurisdiction shifts to defendant." *Middleton v. Green Cycle Housing, LLC*, 689 F. App'x 12, 13 (2d Cir. 2017); *see Weifang Xinli Plastic Prods. v. JBM Trading Inc.*, No. 1:11-cv-2710 (WFK) (LB), 2014 WL 4244258, at *13 (E.D.N.Y. Aug. 26, 2014) ("[O]n a motion to vacate a default judgment based on improper service of process where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur."), *aff'd sub nom. Weifang Xinli Plastic Prods. Co. v. JBM Trading Inc.*, 583 F. App'x 24 (2d Cir. 2014).

Here, Defendants bear the burden to establish lack of personal jurisdiction. As discussed further in Section III.A, the record shows Defendants had actual notice of the action when, ten months before default judgment was entered, they engaged in negotiating a settlement with Plaintiff. *See Tuccillo v. Tobin*, No. 13-cv-04525 (JMA) (SIL), 2024 WL 5159437, at *3 (E.D.N.Y. Dec. 18, 2024) (noting defendant had notice of action because "approximately three years before the damages inquest and resulting Judgment" he was deposed in case).

The Court addresses each Defendant's service separately.

A.    **Mr. Burge**

A plaintiff may serve an individual in federal court as provided by Federal Rule of Civil Procedure 4(e), including but not limited to by following the law of the state where the district court is located. *See* Fed. R. Civ. P. 4(e)(1). The applicable state law to serve an individual in New York is C.P.L.R. § 308.

Section 308(2) provides in relevant part for substitute service where, *inter alia*, the Plaintiff (1) delivers the Summons and Complaint to "a person of suitable age and discretion" at the person to be served's "actual place of business" and (2) within twenty days thereafter, mails the Summons and Complaint to the person's "actual place of business" by first class mail. C.P.L.R. § 308(2). The person served at the actual place of business "must be 'objectively...of sufficient maturity, understanding and responsibility under the circumstances so as to be reasonably likely to convey the summons to the defendant.'" *Templos*, 738 F. Supp. 3d at 331 (quoting *Marathon Structured Asset Sols. Tr. v. Fennell*, 61 N.Y.S.3d 232, 234 (2d Dep't 2017)).

Further, "[a] process server's sworn statement of service creates a presumption that service has been effectuated." *De Curtis v. Ferrandina*, 529 F. App'x 85, 86 (2d Cir. 2013). A defendant's sworn denial of receipt of service can rebut that presumption and necessitate an evidentiary hearing, however, "'no hearing is required where the defendant fails to swear to specific facts to

rebut the statements in the process server's affidavits.'" *Lopez v. Mohammed*, No. 14-cv-4443 (PKC) (MDG), 2017 WL 4277154, at *4 (E.D.N.Y. Sept. 26, 2017) (quoting *Weifang Xinli Plastic Prods. Co. v. JBM Trading Inc.*, 553 F. App'x 42, 44 (2d Cir. 2014) (quoting *Old Republic Ins. Co. v. Pac. Fin. Servs. of Am., Inc.*, 301 F.3d 54, 57-58 (2d Cir. 2002))). "In other words, a conclusory sworn denial of receipt of service alone cannot rebut the presumption of service." *Id.* Further, "courts may discredit such denials of service when there is 'ample evidence from which [to] conclude that [the defendant's] statements [denying receipt of service] lack[] credibility.'" *De Curtis*, 529 Fed. Appx. at 86 (some alterations in original) (quoting *Old Republic Ins. Co.*, 301 F.3d at 58).

Here, service upon Mr. Burge was presumptively valid where the process server's affidavit states he served a person of suitable age and discretion at Mr. Burge's actual place of business. (*See* Burge Aff. of Serv.) Mr. Burge's Declaration denying personal receipt of the Summons and Complaint, without more, fails to rebut that presumption, because it offers only "conclusory sworn denial[s] of receipt of service." *Lopez*, No. 14-cv-4443 (PKC) (MDG), 2017 WL 4277154, at *4; (ECF No. 21-1 ("Burge Decl.") ¶¶ 3, 6). The Burge Declaration states only that Mr. Burge was "never properly served" because Plaintiff failed to personally serve him with the Summons and Complaint, but the Burge Declaration does not

dispute that a person of suitable age and discretion was served at his place of business. (Burge Decl. ¶¶ 3, 6.)

First, the process server's affidavit states that Summons and Complaint were delivered on November 18, 2021, to "Jane Doe," described as between 22 and 35 years old and as a co-worker. (Burge Aff. of Serv.) The Burge Declaration "'fail[s] to swear to specific facts to rebut the statements in the process server's affidavit[]'" that "Jane Doe" is an adult woman between 22 and 35 years old, received the Summons and Complaint at Mr. Burge's actual place of business, was identified as a co-worker, and was of suitable age and discretion. *Lopez*, No. 14-cv-4443 (PKC) (MDG), 2017 WL 4277154, at *4 (citation omitted); (*see generally* Burge Decl.) Indeed, courts "routinely find service on employees and co-workers sufficient." *Templos*, 738 F. Supp. 3d at 331.

Second, the process server's affidavit states that service was made at "defendant's actual place of business" at 1261 East New York Avenue, Brooklyn, NY, 11212. (Burge Aff. of Serv.) "New York law specifies that 'actual place of business' includes 'any location that the defendant, through regular solicitation or advertisement, has held out as its place of business.'" *Tuccillo*, No. 13-cv-04525 (JMA) (SIL), 2024 WL 5159437, at *4 (quoting C.P.L.R. § 308(6)). Further, "New York courts have construed 'actual place of business' to include (1) a place where the defendant regularly transacts business, or (2) an establishment

13

that the defendant owns or operates, where there is a clear identification of the work performed by [him] within that place of business." *Id.* (quoting *Baity v. Kralik*, 51 F. Supp. 3d 414, 430-31 (S.D.N.Y. 2014)) (finding location was defendant's actual place of business where defendant testified he was co-owner of business at that location).

Here, Mr. Burge's Declaration specifically states that Mr. Burge is the CEO of RFI. The Declaration further does not dispute that the address in the process server's affidavit——which is also RFI's address on file with the New York Department of State[3]——is incorrect or is not his actual place of business. (*See generally* Burge Decl.)

Third, the process server complied with § 308(2)'s mailing requirement. On November 19, 2021, one day after delivering the Summons and Complaint to Mr. Burge's place of business, the process server mailed Mr. Burge a copy of the Summons and Complaint via first class mail to 1261 East New York Avenue in an envelope complying with § 308(2)'s requirements. (*See* Burge Aff. of Serv.); N.Y. C.P.L.R. § 308(2). On November 22, 2021, the affidavit of

---

[3] *See* Corporation and Business Entity Database, N.Y. Dep't of State Div. of Corps., https://apps.dos.ny.gov/publicInquiry/ (searching "Rainbow Fencing Inc.") (last visited February 24, 2025); *see Tuccillo*, No. 13-cv-04525 (JMA) (SIL), 2024 WL 5159437, at *4 & n.3 (noting the court "may properly take judicial notice of public records" and referencing New York Department of State's Division of Corporations Entity Database).

service was filed stating, *inter alia*, that a copy of the Summons and Compliant was mailed on November 19, 2021. (Burge Aff. of Serv.)

Further, Mr. Burge requests "a hearing to determine if service of process was properly made in this case." (Burge Decl. at 3.) Because the Declaration offers only "conclusory sworn denial[s] of receipt of service," however, and "'fails to swear to specific facts to rebut the statements in the process server's affidavit[],'" an evidentiary hearing is not necessary, and the Court denies Mr. Burge's request. *Lopez*, No. 14-cv-4443 (PKC) (MDG), 2017 WL 4277154, at *4; *see Luo v. Kaiyi Inc.*, No. 18-cv-3101 (JMF), 2024 WL 4904644, at *3 (S.D.N.Y. Nov. 27, 2024) (noting a "'general denial[]' of receipt is not sufficient 'to rise to the level of specific facts necessary to warrant an evidentiary hearing'" (quoting *Cablevision Sys. N.Y.C. Corp. v. Okolo*, 197 F. App'x 61, 62 (2d Cir. 2006)).

The Court notes that Defendants' memorandum of law further argues that service of process on Mr. Burge was improper because he was never personally served at his place of business; that the individual who received the Summons and Complaint refused to give her identity and, regardless, was not authorized to accept service; that RFI did not employ an individual matching the description in the affidavit at the relevant date and time; and that the Summons and Complaint were never received by mail at the business address.

(*See* Defs. Mot. at 11.)[4]

Notwithstanding that Mr. Burge's Declaration fails to include adequate facts that support his arguments, the arguments are unavailing. First, Defendants argue that service was improper because Mr. Burge was never personally served at his place of business. Section 308(2) does not require personal service on a defendant and permits service at a defendant's actual place of business on "a person of suitable age and discretion[.]" C.P.L.R. § 308(2).

Second, service is proper notwithstanding that "Jane Doe" refused to provide her name to the process server. *See Maldonado v. Arcadia Bus. Corp.*, No. 14-cv-4129 (DLI) (RML), 2015 WL 12791329, at *2 (E.D.N.Y. Aug. 27, 2015) (noting it "makes no difference" if adult co-worker who receives the summons and complaint "refuses to give [her] name or gives a false one," and process server need not "independently verify" person's "relationship to the defendant, so long as it is reasonable to assume they are who they purport to be"); *see Templos*, 738 F. Supp.

---

[4] Defendants also argue that serving an individual at a business address does not satisfy "Local Rule 55(c)." (Defs. Mot. at 11.) To the extent Defendants intend to reference the version of Local Civil Rule *55.2(c)* in effect when they filed their motion, the reference is improper. Then-effective Local Civil Rule 55.2(c) is unrelated to service of a Summons and Complaint under Rule 4. Local Civil Rule 55.2(c) concerns mailing *default judgment motion* papers. Therefore, to support the argument that service of process is improper, rendering a judgment void for lack of personal jurisdiction, Local Civil Rule 55.2(c) is inapposite.

3d at 331-32 (finding service proper where man served at defendant's place of business appeared to be about forty years old and identified himself as a co-worker but did not provide last name); *Rios v. 4218 Rest Group LLC*, 18-cv-5633 (BMC), 2019 WL 13223595, at *1 (E.D.N.Y. Feb. 4, 2019) (finding service proper where woman, appearing to be about 36 years old, was served at defendants' place of business and identified as co-worker but refused to provide true name).

Third, "the person on whom service is made need not actually be a co-worker of the defendant so long as that person is present at the defendant's actual place of business and of suitable age and discretion." *Templos*, 738 F. Supp. 3d at 331; *see Pinela Jurado v. Sabor Hispano, Inc.*, No. 20-cv-1104 (RPK) (VMS), 2021 WL 11690645, at *4 (E.D.N.Y. Aug. 5, 2021) ("All that is required under CPLR 308 subdivision 2, with respect to personal service, is that process be served upon a person of suitable age and discretion at the actual place of business, regardless of whether or not that person is an employee or is otherwise officially authorized to accept service on behalf of the defendant." (quoting *Dantzig v. Cnty. of Westchester*, No. 19-cv-8811 (NSR), 2021 WL 1030655, at *5 (S.D.N.Y. Mar. 16, 2021) (citation and internal quotation omitted))).

Fourth, as noted, Defendants' brief statement in their memorandum of law that "[t]here was never any mail received with

17

the listed Summons and Complaint at the business address," (Defs. Mot. at 11), is unsupported and insufficient to rebut the "process server's sworn statement of service," which states the Summons and Complaint were mailed by first class mail to Mr. Burge's actual place of business. *De Curtis*, 529 F. App'x at 86.

Accordingly, Defendants fail to rebut the presumption of proper service on Mr. Burge. *See Okolo*, 197 F. App'x at 62 ("[A] process server's affidavit of service establishes a prima facie case of...the method of service, and thus, in the absence of contrary facts, we presume" proper service). Based on the record, Mr. Burge was properly served with process.

**B.   RFI**

A plaintiff may serve a corporation by following state law of the state where the district court is located. Fed. R. Civ. P. 4(e)(1) and (h)(1)(A); *see Guerra v. Steelstone Grp.*, LLC, No. 22-cv-7191 (KAM) (SJB), 2024 WL 2319685, at *4 (E.D.N.Y. May 22, 2024) (noting Federal Rules permit plaintiffs to serve corporations "according to the law of the state where the district court is located"). New York law applies and allows corporations to be served pursuant to Section 306 of New York Business Corporation Law. *See* N.Y. Bus. Corp. Law § 306. Section 306 permits service of process on the New York Secretary of State as an agent of a domestic corporation where, *inter alia*, process is personally delivered to and left with any person authorized by the Secretary of State to

18

receive service, at the office of the Department of State in Albany, New York. *See* § 306(b)(1).

Though the Secretary of State is required to send the Summons and Complaint to the corporation's address on file, "[s]ervice of process is considered 'complete' once the Secretary of State has been served." *Templos*, 738 F. Supp. 3d at 330 (citing N.Y. Bus. Corp. Law § 306(b)(1)). This is true regardless "'of whether the process subsequently reache[d] the corporate defendant.'" *Id.* (alternation in original) (quoting *Fisher v. Lewis Constr. NYC Inc.*, 117 N.Y.S.3d 29, 30 (1st Dep't 2020)).

Defendants do not refute that service was made on the Secretary of State but argue that RFI was "not personally served" and that "[t]here was never any mail received with the listed Summons and Complaint at the business address." (Defs. Mot. at 2, 11.) Defendants' arguments are without merit.

The process server's affidavit attests that he served two copies of the Summons and Complaint on an authorized agent in the Office of the Secretary of State in Albany, New York. (*See* Aff. of Service on RFI at 2.) Plaintiff further provides a receipt that process was served on RFI via the Department of State, pursuant to § 306 of the Business Corporation Law. (*See* ECF No. 24-1.) Because "[s]ervice of process on [a] corporation [is] complete" under New York law when the Secretary of State is served, service on RFI was complete and proper. *Templos*, 738 F. Supp. 3d at 330 (quoting N.Y.

Bus. Corp. Law § 306(b)(1)); *Drywall Tapers & Pointers of Greater N.Y. Local Union 1974, IUPAT, AFL-CIO v. Creative Installations, Inc.*, 343 F.R.D. 358, 363-64 (S.D.N.Y. 2022) (noting "[b]ecause it is undisputed that service to the Secretary of State occurred in accordance with New York law, [defendant's] Rule 60(b)(4) arguments necessarily fail" and collecting cases). Therefore, the argument that service on RFI was improper because RFI was not personally served and did not receive the Summons and Complaint mailed from the Secretary of State is without merit. *See Creative Installations*, 343 F.R.D. at 363-64.

Accordingly, because Plaintiff properly served process on both Defendants, and the Court therefore had personal jurisdiction over both Defendants when entering the default judgment, the default judgment is not void under Rule 60(b)(4).

### III. **Rule 60(b)(6)**

A party may seek relief under Rule 60(b)(6) for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). "Rule 60(b)(6) applies only 'when the asserted grounds for relief are not recognized in clauses (1)-(5) of the Rule' and 'there are extraordinary circumstances justifying relief.'" *Tapper v. Hearn*, 833 F.3d 166, 172 (2d Cir. 2016) (citation omitted); *see Creative Installations, Inc.*, 343 F.R.D. at 362 ("Rule 60(b)(6) is not to be used 'if there is any other reason [under categories (1) through (5)] justifying relief from the judgment[.]" (internal quotation

20

and citation omitted)).

Although Defendants have moved to vacate the judgment under Rule 60(b)(6), they have also moved to vacate the judgment under Rule 60(b)(1) and 60(b)(4). Defendants' filing invokes Rule 60(b)(6) "in passing" and makes no separate argument under Rule 60(b)(6) for vacating the default judgment. *Tapper*, 833 F.3d at 172. Further, Defendants' primary arguments of excusable delay and a void judgment fall neatly under Rule 60(b)(1) and (b)(4), and, in any event, fail to show extraordinary circumstances as required by Rule 60(b)(6). Regardless, the Court considers Defendants' Rule 60(b)(6) arguments because Defendants discuss "the factors courts consider when deciding whether extraordinary circumstances support setting aside the judgment," albeit under their Rule 60(b)(1) arguments. *Templos*, 738 F. Supp. 3d at 330 (reviewing motion to vacate default judgment in part under Rule 60(b)(6) when motion did not specify grounds for relief and cited factors considered when deciding if extraordinary circumstances exist); (*see generally* Defs. Mot.)

"In deciding a motion to vacate a default judgment under Rule 60(b)(6), a court is 'guided by three principal factors: "(1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice."'" *Luo*, No. 18-cv-3101 (JMF), 2024

WL 4904644, at *3 (citation omitted) (quoting *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 166-67 (2d Cir. 2004)); *Templos*, 738 F. Supp. 3d at 329 (applying same factors to determine whether "extraordinary circumstances exist" under Rule 60(b)(6)); *Creative Installations, Inc.*, 343 F.R.D. at 364 (same).

### A.    Willfulness

Willfulness "carries the most weight" of the considered factors. *In re Orion HealthCorp, Inc.*, 95 F.4th at 104; *see Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024) (noting willfulness is "most significant factor"); *De Curtis*, 529 F. App'x at 86 (noting "default should not be set aside when it is found to be willful" (citation omitted)). "Willfulness in the default judgment context looks to 'egregious or deliberate conduct,' and even 'grossly negligent' actions do not necessarily qualify." *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023); *see In re Orion HealthCorp, Inc.*, 95 F.4th at 104 (noting that willfulness "is more than merely negligent or careless" (citation omitted)).

The record demonstrates that Defendants' default was willful. Plaintiff's affidavit opposing vacatur states that Defendants' current counsel, Ms. Virgo, was negotiating a settlement with Plaintiff's counsel in late April 2022, just after Plaintiff filed

the default judgment motion.[5] (ECF No. 24-1, Declaration of Plaintiff's counsel Abdul Karim Hassan ("Hassan Declaration") ¶¶ 9-10.) Plaintiff's counsel's affidavit includes April 2022 email excerpts between Defendants' counsel, Ms. Virgo, and Plaintiff's counsel, thanking Plaintiff's counsel "for taking the time to speak with me regarding the referenced matter[.]" (*Id.*) Defendants, however, did not oppose the Plaintiff's motion to enter a default judgment. Instead, defense counsel did not move to vacate the default judgment until March 27, 2024, nearly two years later. The near two-year gap between when Defendants became aware of the action and when they moved to vacate the default judgment demonstrates willfulness. *See Gonzaga Cortez v. Hang Lin*, No. 19-cv-0905 (LGS), 2019 WL 4256363, at *4 (S.D.N.Y. Sept. 9, 2019) (six-week delay in moving to vacate default judgment after defendants made aware of action supported willfulness finding); *Lopez*, No. 14-cv-4443 (PKC) (MDG), 2017 WL 4277154, at *10 (finding default willful where defendant learned of default judgment one month after judgment entered but moved to vacate that judgment nearly two months after judgment entered).

---

[5] Defendants were plausibly aware of the looming default judgment even as early as March 14, 2022. On March 14, 2022, Plaintiff sought an extension to file the default judgment motion in part because Plaintiff noted "some outreach from Defendants to Plaintiff concerning the case" that Plaintiff hoped would develop "into formal settlement discussions and for Defendants to retain counsel and formally appear in the case." (ECF No. 9.)

Even disregarding Plaintiff's affidavit regarding the April 2022 settlement discussions with Defendants' attorney, Defendants' delay between their counsel's appearance and when Defendants filed their motion to vacate demonstrates willfulness: Ms. Virgo moved to appear Pro Hac Vice, representing both Defendants, on May 11, 2023. (ECF No. 20.) Her Pro Hac Vice motion was granted on May 12, 2023, but Defendants did not move to vacate the judgment until March 27, 2024, nearly ten months later. (Defs. Mot.); *see Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (finding default willful where defendant "was aware of the legal action pending against him and his company" but "[d]espite this knowledge...failed to file a responsive pleading for over nine months after the receipt of the summons and complaint, nearly eight months after the defendants were informed that the plaintiffs had requested an entry for default, and six months after they were served with discovery demands"); *see also In re Orion HealthCorp, Inc.*, 95 F.4th at 104-05 (affirming district court's willful default finding where judgment entered after defendant "failed to file an answer or otherwise respond to the claims made against it," despite proper service of process and "having been served with the Default Motion and substantial supporting documents at its place of business").

Finally, even assuming, *arguendo*, that Defendants lacked

notice of the action until December 2023, as Mr. Burge's Declaration states, the nearly three-month delay in moving to vacate still weighs in favor of finding a willful default. *See Gonzaga Cortez*, No. 19-cv-0905 (LGS), 2019 WL 4256363, at *4; (six-week delay after defendants made aware of action supported willfulness); *Lopez*, No. 14-cv-4443 (PKC) (MDG), 2017 WL 4277154, at *10 (near two-month delay after defendant made aware supported willfulness).

Therefore, given the record, Defendants' argument that their failure to respond was not willful because they lacked notice of the action until December 2023 is wholly unpersuasive. *See Lopez*, 2017 WL 4277154, at *9 ("[G]iven the Court's rejection of Defendants' conclusory denials about being served...and/or being aware of this lawsuit, as non-credible, the Court finds that Defendants knowingly failed to answer the Complaint and respond to the motion for default, thereby demonstrating willfulness[.]" (footnote omitted)).

Accordingly, the Court finds Defendants' default was willful, weighing against granting the motion to vacate default judgment.

## B.   Meritorious Defense

To raise a meritorious defense, Defendants need not establish their defense "conclusively, but [] must present evidence of facts that, if proven at trial, would constitute a complete defense." *Inversiones Errazuriz Limitada*, 374 F.3d at 167 (citation

25

omitted). Although there is a "low threshold of adequacy," *Gov't Emps. Ins. Co. v. Jacobson*, No. 15-cv-7236 (ERK) (RML), 2019 WL 10959842, at *4 (E.D.N.Y. Oct. 15, 2019) (citation omitted), "[e]vidence beyond mere 'conclusory denials' is required," *Trustees of Bldg. Trades Educ. Benefit Fund v. Romero Elec. LLC*, No. 19-cv-3515 (DRH) (AYS), 2021 WL 3604811, at *4 (E.D.N.Y. July 19, 2021) (quoting *Enron Oil Corp.*, 10 F.3d at 98)).

Between Defendants' memorandum and Mr. Burge's Declaration, Defendants appear to raise four defenses: that Mr. Burge is not personally liable and is not the proper party to be sued; that Plaintiff "was paid in full for all services rendered" and did not work over 40 hours a week; and that Plaintiff was an independent contractor, not an RFI employee. (*See* Defs. Mot. at 4, 7; Burge Decl. ¶¶ 6-13.)[6]

First, Defendants "have offered nothing more than conclusory denials in support of" the defense that Mr. Burge is not personally liable and thus not the proper party to be sued. *Templos*, 738 F.

---

[6] Defendants also proffer lack of jurisdiction based on allegedly improper service as a defense. (Defs. Mot. at 7.) Because Rule 60(b)(6) is improperly invoked if "premised on one of the grounds for relief enumerated in clauses (b)(1) through (b)(5)," a jurisdictional argument cannot be raised under Rule 60(b)(6) as a meritorious defense, as it would be properly raised under Rule 60(b)(4). *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 361 (2d Cir. 2023) (citation omitted); *see Templos*, 738 F. Supp. 3d at 333 n.1 (noting that although defendants "argue as a 'defense' that they were never properly served," "[t]hat is not a merits defense but rather an argument properly made under Rule 60(b)(4) that cannot be raised again under Rule 60(b)(6)"). The Court has determined that Defendants' motions pursuant to Rule 60(b)(1) and 60(b)(4) are denied.

Supp. 3d at 333. Indeed, before entering the default judgment, this Court adopted Judge Levy's Report and Recommendation that specifically concluded that Plaintiff had established the individual liability of Mr. Burge under both the FLSA and NYLL. (*See* ECF No. 12 at 7-8; ECF No. 17.) Defendants offer nothing to the contrary besides conclusory denials of personal liability.

Second, Defendants offer no evidence beyond conclusory statements that Plaintiff was paid in full and did not work over 40 hours per week. Defendants proffer no evidence, for example, of payroll records, checks, or time sheets. *See Lu v. Nisen Sushi of Commack, LLC*, No. 18-cv-7177 (RJD) (ST), 2022 WL 16754744, at *7 (E.D.N.Y. Aug. 29, 2022) ("A defense that the plaintiff was properly paid, supported by time and pay records, is a meritorious defense." (citation omitted)), *report and recommendation adopted*, No. 18-cv-7177 (RJD) (ST), 2022 WL 4597436 (E.D.N.Y. Sept. 30, 2022); *MD Produce Corp. v. 231 Food Corp.*, 304 F.R.D. 107, 110 (E.D.N.Y. 2014) (in context of motion to vacate default, noting that copies of checks cashed by plaintiff alleging improper compensation is "type of evidence which, if submitted and proven credible at trial, 'would constitute a complete defense'"); *Addison v. Reitman Blacktop, Inc.*, 272 F.R.D. 72, 81 (E.D.N.Y. 2010) (finding meritorious defense where defendant presented evidence of signed checks, which was "some evidence beyond conclusory denials to support" their defense (citation omitted)).

27

Plaintiff has alleged sufficient facts in his Complaint that he was Defendants' employee, and those facts were uncontested at the time the default was noted and judgment was entered. Defendants now argue, again without evidentiary support, that Plaintiff was an independent contractor, not an RFI employee. An independent contractor is "outside the reach of" the FLSA and NYLL. *Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 911 (S.D.N.Y. 2013); *see Vicente v. Ljubica Contractors LLC*, No. 18-cv-419 (VSB), 2025 WL 100897, at *5 (S.D.N.Y. Jan. 14, 2025) (noting "'[t]he strictures of both the FLSA and NYLL apply only to employees,' not to independent contractors" (quoting *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 534 (2d Cir. 2016)).

The Second Circuit employs an "'economic realities' test to determine whether an individual is an employee or an independent contractor for FLSA purposes. The factors to be considered include: (1) the degree of control exercised by the employer over the workers, (2) the workers' opportunity for profit or loss and their investment in the business, (3) the degree of skill and independent initiative required to perform the work, (4) the permanence or duration of the working relationship, and (5) the extent to which the work is an integral part of the employer's business." *Hart*, 967 F. Supp. 2d at 912 (citing *Brock v. Superior Care,* 840 F.2d 1054, 1058-59 (2d Cir. 1988)); *see Velez v. Sanchez*, 693 F.3d 308, 326 (2d Cir. 2012) (noting test in *Brock v. Superior Care* is

28

"relevant for distinguishing between independent contractors and employees"); *Vicente*, No. 18-cv-419 (VSB), 2025 WL 100897, at *5 (citing same factors and noting that because FLSA and NYLL define "employee" "'in nearly identical terms, [courts] construe the NYLL definition as the same in substance as the definition in the FLSA'" (quoting *Glatt*, 811 F.3d at 534)).

Mr. Burge's Declaration states that Plaintiff "worked as an independent contractor" and was "a causal [sic] laborer...assist[ing] with maintaining the business compound among other duties"; never entered an employment agreement with RFI; "was never on a payroll like [Mr. Burge's] other employees"; "was paid cash for his services," "was responsible for filing his own taxes as well as determing [sic] the periods he worked"; and had a "work schedule...over the time he worked at the company [that] was completely sporadic and included periods of time when he would disappear and return weeks after." (Burge Decl. ¶¶ 6-13.) The Burge Declaration provides no supporting evidence for Mr. Burge's assertions.

Even assuming that the assertions in Mr. Burge's Declaration are true, Mr. Burge's unsupported Declaration does not meet even the "low threshold of adequacy" to support the independent-contractor defense, *Jacobson*, No. 15-cv-7236 (ERK) (RML), 2019 WL 10959842, at *4, as the Declaration offers "mere 'conclusory denials,'" *Romero Elec. LLC*, No. 19-cv-3515 (DRH) (AYS), 2021 WL

29

3604811, at *4; *see Am. All. Ins. Co. v. Eagle Ins. Co.,* 92 F.3d 57, 61 (2d Cir. 1996) ("A defense is meritorious if it is good at law so as to give the factfinder some determination to make."). For example, the Burge Declaration's statements at best reference just two of the factors the Second Circuit employs to determine whether an individual is an employee or an independent contractor, which the Court does not find sufficiently "present[s] evidence of facts that, if proven at trial, would constitute a complete defense." *Inversiones Errazuriz Limitada*, 374 F.3d at 167 (citation omitted).

Further, Mr. Burge proffers no position description, no bank records for the "cash payments," no IRS Form 1099 for the years Mr. Burge claims that Plaintiff was an independent contractor, no records of dates that Plaintiff worked, albeit sporadically, or records of days that Plaintiff was not at work, and no work schedule. *Cf. Weingeist v. Tropix Media & Ent.*, No. 20-cv-275 (ER), 2022 WL 970589, at *11 (S.D.N.Y. Mar. 30, 2022) (finding colorable meritorious defense where defendant's affidavit attested Plaintiff was not employee and was instead consultant paid through her personal corporation, and "provid[ed] copy of Plaintiff's earnings statement showing Plaintiff was paid" via such corporation); *Poplawski v. Metroplex on the Atlantics, LLC*, No. 11-cv-3765 (JBW) (RER), 2013 WL 12438839, at *5 (E.D.N.Y. Apr. 3, 2013) (finding meritorious defense where defendant submitted IRS Forms 1099

30

regarding Plaintiffs' compensation indicating they were not employees "but rather independent contractors," noting "[t]he Forms 1099 and [defendant]'s assertion are some evidence that could allow a trier of fact to find that he was not the Plaintiffs' employer which would serve as a complete defense to liability"), *report and recommendation approved sub nom. Poplawski v. Metroplex on the Atlantics LLC.*, No. 11-cv-3765 (JBW), 2013 WL 12438843 (E.D.N.Y. Apr. 26, 2013).

Accordingly, the Court finds this factor weighs against granting the motion to vacate default judgment.

### C.  **Prejudice**

"To establish prejudice under the third factor, it must be shown that 'delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion.'" *United States v. Veeraswamy*, No. 23-cv-9379 (RPK) (JAM), 2025 WL 444692, at *11 (E.D.N.Y. Feb. 10, 2025) (quoting *Henry*, 108 F.4th at 52-53). "'But delay standing alone does not establish prejudice.'" *Id.* (quoting *Enron Oil*, 10 F.3d at 98).

Plaintiff notes that "a significant amount of time has passed" and "significant resources have been expended on the Plaintiff's side and by the Court[.]" (Pl. Resp. at 10.) The Court agrees that it would prejudice Plaintiff to vacate the judgment. The concern is not "delay standing alone," but rather that "the passage of

time makes it likely that evidence will be more difficult to locate now," and "[i]t would be unjust to make plaintiff[] start over again," especially where Defendants waited over a year to move to vacate. *Manzanares*, No. 17-cv-5001 (MKB) (RML), 2020 WL 7249249, at *6. Plaintiff filed his Complaint on October 25, 2021, nearly three and a half years ago, and "[m]emories are also likely to fade over far shorter periods." *DeCurtis v. Upward Bound Int'l, Inc.*, No. 09-cv-5378 RJS, 2012 WL 4561127, at *9 (S.D.N.Y. Sept. 27, 2012) (finding prejudice as part of Rule 60(b) analysis where complaint was filed three years prior), *aff'd sub nom. De Curtis v. Ferrandina*, 529 F. App'x 85 (2d Cir. 2013); *Lazic v. Dorian Owners, Inc.*, No. 10-cv-1824 (BMC), 2011 WL 319879, at *2 (E.D.N.Y. Jan. 29, 2011) (finding vacatur of default would prejudice plaintiff in FLSA action where "plaintiff's ability to prove liability will likely turn on his recollection—and the credibility of that recollection—of the hours he worked during certain weeks," and where "Defendant's delay may have well led to a fading of his memories," thus finding "this [was] not a case where '[defendants'] [d]elay stand[s] alone'" (alteration in original) (quoting *Enron*, 10 F.3d at 98)).

Accordingly, the Court finds this factor weighs against granting the motion to vacate default judgment.

### D. Balancing the Factors

In summary, Defendants' default was willful; Defendants

proffer no meritorious defense; and Plaintiff would be prejudiced if this Court vacated the default judgment. Because all of the three factors——willfulness, meritorious defense, and prejudice—— weigh against vacatur, the Court denies the motion to vacate default judgment under Rule 60(b)(6). *See In re Orion HealthCorp, Inc.*, 95 F.4th at 105 ("Where, as here, default was egregiously willful and vacatur would cause prejudice to the nondefaulting party, a district court does not abuse its discretion in denying the motion to vacate the default."); *Manzanares*, No. 17-cv-5001 (MKB) (RML), 2020 WL 7249249, at *5 (finding factors weighed against vacatur, therefore recommending denial of motion to vacate default judgment); *see also Kantor v. Air Atl. Med., P.C.*, No. 19-cv-3597 (EK) (ST), 2023 WL 2329800, at *8 (E.D.N.Y. Mar. 2, 2023) (noting that "courts in this circuit have repeatedly denied motions to vacate default judgments solely on the basis of the defaulting party's willfulness").

Accordingly, because all the factors weigh against vacating the default judgment, and Defendants have not demonstrated extraordinary circumstances exist, the motion to vacate default judgment under Rule 60(b)(6) is respectfully denied. *See Creative Installations, Inc.*, 343 F.R.D. at 367 (declining to vacate default judgment and noting that "Rule 60(b)(6) is reserved for vacatur of default judgment only in 'extraordinary circumstances or extreme hardship'" (quoting *De Curtis*, 529 F. App'x at 86)).

## IV.  Plaintiff's Request for Sanctions

Plaintiff's response in opposition to Defendants' motion to vacate the default judgment briefly appears to seek sanctions, noting "Defendants obviously knew of this lawsuit...long before they claimed to first know of it in December 2023," and "the materially false statements in this regard[] appear to be clearly willful" and warrant sanctions (Pl. Resp. at 5.)

Plaintiff, however, has "failed to comply with [] Rule 11's procedural requirements in moving for sanctions against" Defendants where Plaintiff "'did not file [its] Rule 11 motion as a "separate motion,"' but instead 'included it in [its reply] papers to'" Defendants' motion. *McLeod v. Verizon New York, Inc.*, 995 F. Supp. 2d 134, 145 (E.D.N.Y. 2014) (citation omitted). "This is contrary to Rule 11(c)(2), which 'mandates that a motion for sanctions must be made separately from any other motion.'" *Id.* (quoting *Peters v. Molloy College of Rockville Centre,* No. 07-cv-2553 (DRH) (ETB), 2010 WL 3170528, at *6 (E.D.N.Y. Aug. 10, 2010); *see Perez v. Posse Comitatus*, 373 F.3d 321, 325 (2d Cir. 2004) ("[T]he decision whether or not to impose sanctions is a matter for the court's discretion.").

Accordingly, "without reaching its merits," the Court "declines to consider" Plaintiff's request for sanctions. *McLeod*, 995 F. Supp. 2d at 145.

**Conclusion**

For the reasons above, the Court respectfully denies Defendants' motion to vacate the default judgment.

**So ordered.**

Dated:      March 20, 2025
            Brooklyn, New York

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York